BRYAN K. SCOTT
City Attorney
Nevada Bar No. 4381
By: JEFFREY L. GALLIHER
Deputy City Attorney
Nevada Bar No. 8078
495 South Main Street, Sixth Floor
Las Vegas, NV 89101
(702) 229-6629
(702) 386-1749 (fax)
Email: jgalliher@lasvegasnevada.gov
Attorneys for City of Las Vegas,
Carolyn Goodman and Robert Summerfield

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAT'S MEOW OF VEGAS, LLC d/b/a Cat's Meow,<br><br>Plaintiff,<br><br>vs.<br><br>THE STATE OF NEVADA, COVID-19 MITIGATION AND MANAGEMENT TASK FORCE; STEVE SISOLAK, in his official capacity as Governor of Nevada; AARON FORD, in his official capacity as Attorney General of Nevada; BARBARA CEGAVSKE, in her official capacity as the Nevada Secretary of State; CITY OF LAS VEGAS; CAROLYN GOODMAN, in her official capacity as Mayor of the City of Las Vegas; ROBERT SUMMERFIELD, in his official capacity as Director of the City of Las Vegas Department of Planning; and CALEB CAGE, in his official capacity as Chairman of the COVID-19 Mitigation and Management Task Force,<br><br>Defendant. | CASE NO. 2:20-cv-2055-APG-NJK<br><br>**DEFENDANTS CITY OF LAS VEGAS, CAROLYN GOODMAN AND ROBERT SUMMERFIELD'S CLOSING BRIEF** |

Defendants City of Las Vegas, Carolyn Goodman and Robert Summerfield (hereinafter referred to as "City Defendants") hereby files their Closing Brief as follows.

## CLOSING STATEMENT

At the evidentiary hearing on Plaintiff's motion for preliminary injunction the proof offered by Plaintiff failed to meet the standards for a preliminary injunction. Specifically Plaintiff has

failed to establish that it will suffer irreparable harm if the injunction does not issue. Plaintiff failed to meet its burden in two aspects: First, it failed to establish that it could not financially survive without injunctive relief, and: Second, that Plaintiff's First Amendment rights have been violated by promulgation and implementation of Governor Sisolak's Emergency Directives.

**FINANCIAL HARM**

At the evidentiary hearing Plaintiff offered the testimony of Ryan D. Carlson. Mr. Carlson testified that he was the operations manager for Plaintiff Cat's Meow. Upon direct examination Mr. Carlson testified that Cat's Meow currently has approximately $90,000.00 cash on hand. But, on cross examination, Mr. Carlson testified that he did not know who owned Cat's Meow. To date Cat's Meow has not produced any evidence of who the individuals are that created the legal entity that owns and operates the Cat's Meow and Mr. Carlson claimed under oath that, despite being hired to start up and run the Las Vegas Cat's Meow location, he did not know who the owner or financial backer was. Without information regarding the identity of such ownership and the financial wherewithal of such ownership to absorb the losses claimed by Cat's Meow it is impossible to determine if the harm allegedly being suffered by Cat's Meow is, indeed, irreparable. Finally, even if Cat's Meow could make such a showing, which it has not, mere financial loss does not constitute irreparable harm for the purposes of analyzing a request for injunctive relief. *L.A. Mem'l Coliseum Comm'n v. NFL*, 634 F.2d 1197 (9th Cir. 1980)

**FIRST AMENDMENT CLAIM**

Plaintiff has failed to meet its burden to establish that its First Amendment rights are in jeopardy. Rather, Cat's Meow has forwarded an argument that the First Amendment rights of its *customers*, none of whom are parties to this case, have been curtailed by the State's prohibition on karaoke. Consequently, Cat's Meow is without standing to challenge the Governor's directives or the City's enforcement of those directives on this basis. It is well established that the constitutional right to associate does not include the right of a business owner to "associate" with his customers. See, *Freeman v. City of Santa Ana*, 68 F.3d 1180 (1985) (where the summary dismissal of a bar owner's First Amendment claim was upheld finding that a bar can be patronized by any member of the public.)

While the *Freeman* court acknowledged "the right to associate for the purpose of engaging in those expressive activities otherwise protected by the Constitution" (*Id*. at 1188) there has been no such showing in this case. That is, the Cat's Meow has provided no evidence that any constitutionally protected activity has been curtailed by the City's enforcement action. The proof offered by Plaintiff at the evidentiary hearing was wholly devoid of any evidence of any activity protected by the First Amendment of which defendants' actions have deprived the Plaintiff. As a result, injunctive relief must be denied.

**CONCLUSION**

Plaintiff has failed to meet the substantial burden required for injunctive relief against the City. Plaintiff's Emergency Motion for Temporary Restraining Order (ECF No. 5) should be DENIED.

DATED this 25 day of January, 2021.

BRYAN K. SCOTT
City Attorney

By: */s/ Jeffrey L. Galliher*
JEFFREY L. GALLIHER
Deputy City Attorney
Nevada Bar No. 8078
495 South Main Street, Sixth Floor
Las Vegas, NV 89101
Attorneys for City Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on January 25, 2021, I served a true and correct copy of the foregoing *Defendants City of Las Vegas, Carolyn Goodman and Robert Summerfield's Closing Brief* through the CM/ECF system of the United States District Court for the District of Nevada (or, if necessary, by United States Mail at Las Vegas, Nevada, postage fully prepaid) upon the following:

Deanna L. Forbush, Esq.
FOX ROTHSCHILD LLP
1980 Festival Plaza Drive, Suite 700
Las Vegas, NV  89135
*Attorneys for Plaintiff*
*Cat's Meow of Vegas, LLC d/b/a Cat's Meow*

Matthew J. Hoffer, Esq.
SHAFER & ASSOCIATES, P.C.
3800 Capital City Boulevard, #2
Lansing, MI 48906
*Attorneys for Plaintiff*
*Cat's Meow of Vegas, LLC d/b/a Cat's Meow*

Aaron D. Ford, Esq.
Steve Shevorski, Esq.
Craig Newby, Esq.
Keil B. Ireland, Esq.
OFFICE OF THE ATTORNEY GENERAL
555 E. Washington Avenue, Suite 3900
Las Vegas, NV  89101
*Attorneys for the State of Nevada, COVID-19 Mitigation and Management Task Force, Steve Sisolak, Aaron Ford, Barbara Cegavske, and Caleb Cage*

/s/ Kelli Hansen
_____
AN EMPLOYEE OF THE CITY OF LAS VEGAS